UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


ALFONSO PERCY PEW,                      :
                                        :
            Plaintiff                   :
                                        :
      v.                                : CIVIL NO. 3:CV-14-1519
                                        :
JOHN E. WETZEL, et al.,                 : (Judge Kosik)
                                        :
            Defendants                  :


**MEMORANDUM**

Plaintiff, Alfonso Percy Pew, filed this civil rights action pursuant to 42 U.S.C.

§ 1983 while confined as an inmate at the State Correctional Institution at Camp Hill

(SCI-Camp Hill), Pennsylvania.  The issue before the court is whether Plaintiff

should be granted leave to proceed in forma pauperis in this matter despite having

"Three Strikes" under 28 U.S.C. § 1915(g), or permitted to proceed in forma pauperis

under the "imminent danger of serious physical injury" exception to the Three Strikes

rule.

**I.     Background**

In his complaint, Plaintiff names the following Pennsylvania Department of

Corrections officials as Defendants: John E. Wetzel, Secretary; Shirley Smeal Moore,

1

Executive Deputy Secretary; and Mr. Klopotoski, Deputy Secretary Eastern Division.

Plaintiff is a mental health inmate and claims that on or about July 16, 2014, he was

placed in the Special Assessment Unit ("SAU") at SCI-Camp Hill.  In the SAU, he is

exposed to "constant light illumination" twenty-four (24) hours a day.  Specifically,

there are three (3) bright lights consisting of two (2) day lights and one (1) night light.

(Doc. 1, Compl. at 3, 5.)  Plaintiff states that he is not permitted to cover the lights to

get sleep.  He alleges that the constant lighting causes him headaches, nose bleeds,

mental depression, agitation, fatigue, insomnia, panic attacks and mood swings.  He

further claims that the lighting affects his hypertension condition, disrupts his

circadian rhythm bio, and causes him eye damage, which now requires his use of

bifocals.  (Id. at 5-6.)  He seeks declaratory, injunctive, compensatory and punitive

relief.[1]

Upon consideration of Plaintiff's complaint, affidavit in support of imminent

danger, and motion to proceed in forma pauperis, the court directed Defendants to

respond to Plaintiff's ifp request, specifically his claim of imminent danger of serious

physical injury for purposes of avoiding the Three Strikes bar of 28 U.S.C. § 1915(g).

---

[1] Plaintiff is no longer confined at SCI-Camp Hill.  It is well established that a prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional.  Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993); see also Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981)("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.").

(Doc. 5.)  On November 3, 2014, the court construed additional documents submitted by Plaintiff as supplements to his request to proceed ifp.  (Doc. 26.)  Defendants thereafter submitted their response, and Plaintiff has filed a reply thereto. (Docs. 21, 29.)  Also pending is Plaintiff's motion for clarification of the court's order of November 3, 2014.  (Doc. 27.)

## II.    Discussion

### A.  Motion for Clarification

On November 3, 2014, the court issued an order that provided as follows: (1) a motion for show cause order and supporting affidavit filed by Plaintiff were construed to be documents in support of his motion to proceed in forma pauperis; (2) Plaintiff's motions to file a second amended complaint and for a protective order were denied without prejudice to refile following the court's determination as to the in forma pauperis issue; (3) Plaintiff's request for an extension of time to file his reply brief to Defendants' response to his request to proceed in forma pauperis was granted; and (4) the Clerk of Court was directed to docket "Affidavits" attached by Plaintiff to his motion for extension as "Affidavits in Support of Motion to Proceed In Forma Pauperis." (Doc. 26.)

Plaintiff seeks clarification of this order with respect to the first two parts of the order.  He requests that the court interpret them liberally, and renews his request for a protective order preventing Defendants from "retaliatorily" moving him to moot the

issues in this case.  (Doc. 27.)

Plaintiff's motion for clarification is granted only to the extent that he will be

provided with the following explanation as to the first two paragraphs of the court's

November 3, 2014 order.  First, Documents 7 and 9 labeled by Plaintiff as a motion

for show cause order and supporting affidavit were construed to be documents

submitted by Plaintiff in support of his request to proceed in forma pauperis, and will

be considered below in addressing the Three Strikes issue.  To the extent Plaintiff

requests a protective order preventing Defendants from any retaliatory transfer to

another prison during the pendency of this action, any such alleged conduct can be

pursued in a new action.  Moreover, any such transfer would not moot any

determination by the court with respect to whether Plaintiff should be permitted to

proceed in forma pauperis in that the imminent serious harm inquiry is determined

with respect to facts existing at the time his complaint was filed.

**B.     Three Strikes Inquiry**

1.     Legal Standard

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat.

1321 (1996),  sought to "reduce the quantity and improve the quality of prisoner

suits," Porter v. Nussle, 534 U.S. 516, 524 (2002), in three main ways.  First, it

introduced an exhaustion requirement, which bars an action by a prisoner

complaining of prison conditions "until such administrative remedies as are available

are exhausted." 42 U.S. C. § 1997e(a).  Second, it established "prescreening"

provisions that require a court to dismiss an action or appeal <u>sua</u> <u>sponte,</u> if the action

is "frivolous" or "malicious", "fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such

relief."  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(I), (e)(2)(B)(ii), 1915A(b); 42 U.S.C. §

1997e(c).  Third, it created a "Three Strikes" rule to limit the number of lawsuits

brought by prisoners with a history of meritless litigation.  28 U.S.C. § 1915(g).

Section 1915(g) prohibits a prisoner from proceeding <u>in forma pauperis</u> in a

civil action, or in appealing a judgment in a civil action, if "the prisoner has, on 3 or

more prior occasions, while incarcerated or detained in any facility, brought an action

or  appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless

the prisoner is under imminent danger of serious physical injury."  28 U.S.C.

§ 1915(g).  With respect to the Three Strikes rule, it is important to note that §

1915(g) does not block a prisoner's access to the federal courts.  Rather, "it only

denies the prisoner the privilege of filing before he has acquired the necessary filing

fee."  <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 314 (3d Cir. 2001)(en banc).

The website of the Pennsylvania Department of Corrections contains an

"Inmate Strike Index" which reveals that Plaintiff previously has initiated at least

three civil actions in federal courts which were dismissed either as frivolous or for

failure to state a claim upon which relief can be granted.  See Pew v. Cox, Civil No.

93-4128 (E.D. Pa. August 20, 1993)(dismissed as frivolous); Pew v. Kosik, Civil No.

95-143 (M.D. Pa. Apr. 7, 1995)(dismissed for failure to state a claim); Pew v. Moyer,

Civil No. 96-714 (M.D. Pa. June 7, 1996)(dismissed for failure to state a claim).

Plaintiff does not dispute the fact that he has Three Strikes for purposes of 28

U.S.C. § 1915(g).  Rather, he seeks to proceed in forma pauperis by claiming he was

in imminent danger of physical harm at the time he filed the complaint.

"Imminent dangers are those dangers which are about to occur at any moment

or are impending." Abdul-Akbar, 239 F.3d at 315. The danger must be imminent at

the time the complaint or appeal is filed.  "By using the term 'imminent,' Congress

indicated that it wanted to ... prevent impending harms, not those harms that had

already occurred."  Id. at 312-15.  Practices that "may prove detrimental ... over time"

also do not represent imminent dangers as the harm is not "about to occur at any

moment."  Ball v. Famiglio, 726 F.3d 448, 468 (3d Cir. 2013)(quoting Abdul-Akbar,

239 F.3d at 315)(internal quotation marks omitted).  Further, even if an alleged harm

may in fact be "impending," it does not satisfy the exception, if it does not threaten to

cause "serious physical injury."  28 U.S.C. § 1915(g).  Vague or conclusory

allegations are insufficient to meet this standard.  See Ball, 726 F.3d at 468.

2.    Analysis

In challenging Plaintiff's ability to proceed in forma pauperis under the

imminent physical injury exception in this matter, Defendants raise two arguments.

They first invite the court to consider the interplay between the mootness doctrine and

the three strikes provision of the PLRA.  Defendants seek the denial of Plaintiff's

request to fall within the imminent physical danger exception on the basis that he has

been transferred from the SAU at SCI-Camp Hill, and therefore is no longer subjected

to the conditions there.  Without unnecessary elaboration, the court rejects this

argument.  The Third Circuit Court of Appeals has made it clear that in considering

whether to invoke the PLRA's imminent danger exception to the Three Strikes bar,

the inquiry is with respect to imminent danger existing at the time the complaint or

appeal is filed. See Ball, 726 F.3d at 467; Abdul-Akbar, 239 F.3d at 312.  Defendants

offer no case support for their position that an inmate's transfer renders moot his

allegations of physical injury for purposes of an imminent harm inquiry under §

1915(g).

In the alternative, Defendants maintain that Plaintiff fails to set forth credible

allegations of imminent harm at the time he filed his complaint.  In support of their

argument, they submit the Declarations of Dr. John Lisiak, D.O., one of Plaintiff's

treating physicians at SCI-Mahanoy, and Andrea L. Priori Meintel, Corrections

Classification Treatment Manager, who deals directly with the SAU inmates at SCI-

Camp Hill.  (Doc. 21, Exs. 2, 3.)  Also submitted is the Affidavit of John Steinhart,

attesting to the authenticity of Plaintiff's medical records that are attached to the

7

Declaration of Dr. Lisiak.  (Id., Ex. 1.)

Defendants point to the following evidence to refute Plaintiff's allegations of imminent harm.  First, while at the SAU from July 16, 2014 through August 13, 2014, Plaintiff saw a licensed psychologist and psychiatrist every week day that he was there.  He also had the opportunity to see medical staff and, in fact, had several sick calls while in the SAU.  In addition, he met with his counselor, Mr. Holmes, each week.  Although Ms. Priori Meintel received most of the concerns from the SAU inmates, while in the SAU, Plaintiff never complained to Meintel, Holmes, the medical staff, or the mental health staff that the lights in the SAU were causing him any health concerns.  (Doc. 21-4 at ¶ 14.)  Any complaints raised by Plaintiff, while housed in the SAU, did not concern the issues cited in his in forma pauperis application, wherein he explained why he believed that he was under imminent danger of serious physical injury.  (Doc. 3.)

In addition, Plaintiff's medical record does not support any inference that Plaintiff complained about the SAU lights to the medical staff or that any of his medical concerns went untreated.  While Plaintiff was medically treated on several occasions, the treatment and complaints were not relevant to the issues in this matter.  (Doc. 21-3 at ¶¶ 11, 12-16.)  Moreover, on July 23, 2014, Psychiatrist, Dr. Audra

Spence-Woods, found Plaintiff to be psychiatrically stable.[2]  (Id. at ¶ 19.)  In addition,

shortly after Plaintiff's transfer to SCI-Mahanoy from SCI-Camp Hill, extensive tests

were performed on Plaintiff and he was not found to be in imminent danger of serious

bodily injury.   Further, on or about August 5, 2014, when this action was filed,

Plaintiff was receiving active treatment for all of his medical conditions.  (Id. at ¶ 27.)

In responding to Defendants' submission, Plaintiff mostly attempts to argue the

underlying merits of his case.  He also, at times, asserts new claims arising at SCI-

Mahanoy.[3]  However, the court's inquiry at this juncture is not to determine whether

the conditions of Plaintiff's confinement in the SAU violated his constitutional rights.

Rather, it is exclusively to determine his ability to file this lawsuit in forma pauperis

by meeting the "imminent danger of serious physical injury" threshold.

When Plaintiff does specifically address the imminent danger issue, he focuses

on the effect of the constant illumination on his mental illness, his eye sight and his

hypertension condition.  In each of these instances, the facts do not support a

convincing argument that, at the time the complaint was filed, Plaintiff faced dangers

to his physical health that were about to occur at any moment or were impending.  For

---

[2] The court notes that although Defendants have not submitted Plaintiff's
mental health records in support of their response, they have submitted Dr. Lisiak's
declaration, wherein he states under penalty of perjury that he has reviewed Plaintiff's
mental health records and found this information contained therein. ( Doc. 21-3 n. 1.)

[3] Any such claims are not properly raised herein and should be pursued in a
new civil action.

instance, with respect to his mental well-being, he admits receiving his medications and, in fact at one point states that his medications were increased while in the SAU. Merely asserting that the lights "could provoke" him to "act out" or "become suicidal" are speculative allegations that, if accepted, could always be advanced in an attempt by an inmate to overcome the Three Strikes bar.  The same holds true with respect to Plaintiff's unsubstantiated concern that his anxiety attacks "could provoke" heart failure.  Further, while it may be true that certain blood pressure medications may be affected by exposure to sunlight, there is no evidence to show that Plaintiff was in imminent danger of serious physical harm due to confinement in a cell that was constantly illuminated.

Finally, Plaintiff claims that the lights are damaging to his eyes to the point where he required bifocals.  First, there is no evidence that the lighting in the cell even affected Plaintiff's eyesight, or was the cause of his need for bifocals.  In fact, Plaintiff admits that in 1994 he was diagnosed with myopia.  Moreover, even if it could be determined that the lights affected Plaintiff's eyes, he was provided with bifocals, and there are no allegations he was under impending threat of imminent physical harm at the time the complaint was filed.[4]

---

[4] The court finds Plaintiff's assertions that Defendants have tampered with the medical records to be unsubstantiated, and in any event, unavailing.  To the extent he claims that dates in the medical record entries are "not in order", it is clear that there are different types of medical forms that comprise the record and that it is not one running chronological log of medical care.

Although Plaintiff has an extensive history of litigation, the court is cognizant of the requirement that he be afforded the ability to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in this matter, if he is under imminent danger of serious physical injury.   However, care must be exercised to make sure that he meets the necessary standard before allowing him to  proceed without pre-payment of the filing fee.  Under the circumstances in this case, we find that he has not made a sufficient showing to meet that standard.  An appropriate order follows.