UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO PERCY PEW, | : |
| | : Civil No. 3:14-CV-1519 |
| Plaintiff | : |
| | : (Judge Kosik) |
| v. | : |
| | : (Magistrate Judge Carlson) |
| JOHN WETZEL, et al., | : |
| | : |
| Defendants | : |

**AMENDED REPORT AND RECOMMENDATION[1]**

**I.   Statement of Facts and of The Case**

This case, which comes before us for consiedration of a motion to reconsider a ruling denying the plaintiff's motion for leave to proceed *in forma pauperis* and dismissing this *pro se* complaint, (Doc. 33), provides a striking example of why Congress was compelled in enact restrictions on *pro se* prisoner filings for inmates who abused the legal process. These restrictions can be found in the Prison Litigation Reform Act, where Congress established a series of procedures relating to prisoner civil litigation in federal court, procedures "designed to filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 204 ( 2007). One

---

[1]This Report and Recommendation corrects errors noted in the Report and Recommendation initially lodged in this matter on January 13, 2016. (Doc. 36.) That earlier Report and Recommendation is ordered WITHDRAWN.

1

critical component of these reforms calls upon federal courts to perform a gatekeeping function with respect to *pro se* inmates who repeatedly seek leave to proceed *in forma pauperis* while filing frivolous or meritless claims. As part of this statutorily mandated process, we are obliged to screen civil complaints lodged by *pro se* litigants who wish to proceed *in forma pauperis*, deny such leave to prisoners who have on three or more prior occasions filed frivolous or meritless claims in federal court, and dismiss these inmate complaints, unless the inmate alleges facts showing that he is in imminent danger of serious bodily harm. 28 U.S.C. §1915(g).

In this case, the plaintiff, Alfonso Percy Pew, also known as Sehu Kessa Saa Tabani, is a prodigious and prodigiously unsuccessful *pro se* prisoner litigant. Indeed, a website of the Pennsylvania Department of Corrections which contains an "Inmate Strike Index" reveals that the plaintiff previously has initiated at least three civil actions in federal courts which were dismissed either as frivolous or for failing to state a claim upon which relief can be granted. See Pew v. Cox, Civil No. 93-4128 (E.D. Pa. August 20, 1993)(dismissed as frivolous); Pew v. Kosik, Civil No. 95-143 (M.D. Pa. Apr. 7, 1995)(dismissed for failure to state a claim); Pew v. Moyer, Civil No. 96-714 (M.D. Pa. June 7, 1996)(dismissed for failure to state a claim).

In the instant case, Pew filed his complaint in August of 2014, and complained about various aspects of the conditions of his confinement. In May of 2015 the

district court was called upon to determine whether any of this matters rose to the level of an imminent life threatening emergency when it ruled upon the defendant's motion to revoke Pew's *in forma pauperis* status. In performing this function, assessing Pew's complaint, a function which is an integral part of these Congressional "reforms designed to filter out the bad claims and facilitate consideration of the good" in this field. Jones v. Bock, 549 U.S. 199, 204( 2007), the district court aptly concluded that none of Pew's complaints regarding the conditions of his confinement rose to the level of an imminent danger of serious bodily harm, and further concluding that it had been shown that the plaintiff had three prior cases dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g), the district court denied the plaintiff *in forma pauperis* status, and directed that his complaint be dismissed, without prejudice to the plaintiff filing an amended complaint when, and if, he paid the filing fee required by law. (Docs. 30 and 31.)

Pew was plainly dissatisfied with this ruling, and indulged in a feckless erratic course challenging this decision. As part of this effort, Pew filed a motion for reconsideration of this ruling, (Doc. 33), and lodged a notice of appeal from this decision. (Doc. 32.) That notice of appeal has delayed our consideration of the motions to reconsider, but ultimately did little to materially advance Pew's cause.

While Pew's appeal was pending, this appeal divested the court of jurisdiction, but Pew took this course to no apparent purpose since Pew later failed to prosecute this appeal and his appeal was dismissed on January 11, 2016. (Doc. 35.)

With the dismissal of Pew's appeal, we may now address his motion to reconsider our prior rulings. For the reasons set forth below, it is recommended that the motion to reconsider be denied.

### III. Discussion

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the

>following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).
>
>Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Here, the recitals made by Pew in his motion to reconsider do not meet these exacting standards. At the outset, we note that, with one exception relating to a May 20, 2015 medical episode, (Doc. 33, ¶10), Pew does not allege in this motion that this decision should be reconsidered because of a supervening change in the law. Nor

does he allege new facts. Instead, Pew simply argues that the district court erred in its consideration of these legal and factual matters. Therefore, in large measure, Pew attempts to use this motion as a tool to re-litigate and reargue issues which have already been considered and disposed of by the court, something which courts condemn. Dodge, 796 F.Supp. at 830.  Therefore, Pew's arguments are insufficient to justify reconsideration of this case. Rather, the legal standards which govern this case are both clear, and well-settled. Under the Prison Litigation Reform Act, this Court has an affirmative duty to screen and review prisoner complaints filed by inmates who seek leave to proceed *in forma pauperis*. 28 U.S.C. §1915A. One aspect of this review, a review  "designed to filter out the bad claims and facilitate consideration of the good," Jones v. Bock,  549 U.S. 199, 204 ( 2007), entails ensuring that inmates who have abused this privilege in the past are not permitted to persist in further *in forma pauperis* litigation. Towards that end, Congress enacted 28 U.S.C. §1915(g), which provides in pertinent part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury

28 U.S.C. § 1915(g).

Congress enacted 28 U.S.C. § 1915(g) with the express purpose of "[d]eterring frivolous prisoner filings in the federal courts [a goal which] falls within the realm of Congress' legitimate interests." Abdul-Akbar v. McKelvie, 239 F.3d 307, 318-19 (3d Cir. 2001). With this goal in mind, it is well-settled that, "generally, a prisoner may not be granted IFP [*in forma pauperis*] status if, on three or more occasions, he brought an action that was dismissed as frivolous," Brown v. City Of Philadelphia, 331 F. App'x 898, 899, (3d Cir. 2009), and inmates who attempt to bring such lawsuits *in forma pauperis* should have their complaints dismissed. Id.

When adjudicating the question of whether to revoke an inmate's *in forma pauperis* status, the parties face shifting burdens of proof, production and persuasion. At the outset:

> [T]he initial production burden rests with the defendants. Thus, when challenging a prisoner's *IFP* status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious or fail[ed] to state a claim." § 1915(g). In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike. However, in many instances, the docket records will not reflect the basis for the dismissal. In these instances, the defendants may not simply rest on the fact of dismissal. Rather, the defendants must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was "frivolous, malicious or fail[ed] to state a claim." § 1915(g). Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut

the defendants' showing by explaining why a prior dismissal should not count as a strike.

Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).

Once it is determined that an inmate-plaintiff has had at least three prior lawsuits dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g) compels denial of *in forma pauperis* status and dismissal of *in forma pauperis* lawsuits unless the inmate alleges that he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). With respect to this specific statutory exception, it is clear that:

> The clause "unless he is in imminent danger of serious physical injury" is an exception to the preclusive effect of the statute. But the exception is cast in the present tense, not in the past tense, and the word "is" in the exception refers back to the same point in time as the first clause, i.e., the time of filing. The statute contemplates that the "imminent danger" will exist contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who "is" in danger, nor can that past danger reasonably be described as "imminent."

Abdul-Akbar v. McKelvie, 239 F.3d at 313.

Moreover, in making this assessment of imminent danger:

A court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are

8

fantastic or delusional and rise to the level of the 'irrational or wholly incredible.' " Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. See Denton, 504 U.S. at 32. Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible.

Brown v. City Of Philadelphia, 331 F. App'x at 900.

"Instead, ' "[i]mminent" dangers are [only] those dangers which are about to occur at any moment or are impending.' " Meyers v. U.S. Dist. Court for the Middle Dist. of Pennsylvania, 1:11–CV–0173, 2011 WL 766937 (M.D.Pa. Feb.25, 2011). Therefore, "[t]he 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available [solely] 'for genuine emergencies,' where 'time is pressing' and 'a threat ... is real and proximate.' Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002)." Banks v. Crockett, CIV.A. 1:07–CV–1019, 2007 WL 1655504 (M.D.Pa. June 7, 2007). Kelly v. Bush, 1:12–CV–1245, 2012 WL 4017995 (M.D.Pa. July 2, 2012) report and recommendation adopted, 1:12–CV–1245, 2012 WL 4017998 (M.D.Pa. Sept.12, 2012), appeal dismissed (Nov. 20, 2012). See McClain v. Mosier, 1:13-CV-3011, 2014 WL 2864963 (M.D. Pa. June 24, 2014).

Here, it is undisputed that Pew has presently incurred three or more strikes. Therefore, the plaintiff is presumptively subject to revocation of his *in forma*

9

*pauperis* privileges pursuant to §1915(g) by virtue of his lengthy past history of wholly meritless litigation. Given that the plaintiff is presumptively subject to more than three strikes due to the prior dismissal of numerous lawsuits which he has filed in the past, the plaintiff now "bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status." Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).

In this case the district court previously found that the plaintiff could not avail himself of the "imminent danger" exception to § 1915(g)'s preclusive effect since none of the conditions of his confinement described in the complaint which Pew filed in August of 2014 rose to the level of an imminent life threatening emergency. Beyond re-arguing the legal and factual claims which he previously made, Pew offers only one new matter in support of this motion to reconsider. Pew invites the court to reconsider this ruling, based in part upon what he described as a medical episode which allegedly occurred in May 2015, some nine months *after* Pew commenced this lawsuit. As described by Pew, this subsequent episode involved an instance in which he received prompt medical care and was transported to a local hospital for care overnight, before being returned to prison and being seen by prison medical staff, where he resumed his on-going arguments regarding which prescription medications are most appropriate for the treatment of his hypertension.

These sole new allegations, in our view, are insufficient to justify re-opening this case. As we have noted, in making this imminent danger assessment, "[a] court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit 'factual claims of imminent danger that are "clearly baseless," i.e., allegations that are fantastic or delusional and rise to the level of the "irrational or wholly incredible." ' Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998)." Brown v. City Of Philadelphia, 331 F. App'x at 900. "Instead, ' "[i]mminent" dangers are [only] those dangers which are about to occur at any moment or are impending.' " Meyers v. U.S. Dist. Court for the Middle Dist. of Pennsylvania, 1:11–CV–0173, 2011 WL 766937 (M.D.Pa. Feb.25, 2011). Therefore, "[t]he 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available [solely] 'for genuine emergencies,' where 'time is pressing' and 'a threat ... is real and proximate.' Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002)." Banks v. Crockett, CIV.A. 1:07–CV–1019, 2007 WL 1655504 (M.D.Pa. June 7, 2007).

Here, the new "imminent danger" claim made in the plaintiff's motion to reconsider fails on several scores. First, the facts recited by Pew relate to an incident which occurred some nine months *after* the filing of his complaint. The imminent danger "exception is cast in the present tense, not in the past tense, and the word 'is' in the exception refers back to the same point in time as the first clause, i.e., the time

11

of filing. The statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action." Abdul-Akbar v. McKelvie, 239 F.3d at 313. Since " ' "[i]mminent" dangers are [only] those dangers which are about to occur at any moment or are impending' " when a complaint is filed, Meyers v. U.S. Dist. Court for the Middle Dist. of Pennsylvania, 1:11–CV–0173, 2011 WL 766937 (M.D.Pa. Feb.25, 2011), these allegations relating to a medical episode which took place nine months after the filing of the complaint simply do not qualify as an imminent harm.

More fundamentally, the events described by Pew do not appear to reveal deliberate indifference to his medical needs. Quite the contrary, according to Pew those medical needs were met. Pew's condition was assessed at the prison. He was transferred to a hospital. At the hospital he was treated, then released and returned to custody. Far from describing deliberate indifference to a medical condition, these facts recited by Pew in his motion seem to reflect appropriate, timely and prompt medical care. Further, Pew's on-going dispute concerning the medication of choice for his hypertension simply does not rise to the level of deliberate indifference as a matter of law, and could not sustain or further bolster his constitutional claims. Indeed, courts have repeatedly held that when an inmate's Eighth Amendment claim entails nothing more than a disagreement concerning which type of medication to

prescribe for a particular ailment, prison officials are entitled to a judgment in their favor as a matter of law. See e.g., Gause v. Diguglielmo, 339 F.App'x 132 (3d Cir. 2009)(dispute over choice of medication does not rise to the level of an Eighth Amendment violation); Innis v. Wilson, 334 F.App'x 454 (3d Cir. 2009)(same); Whooten v. Bussanich, 248 F.App'x 324 (3d Cir. 2007)(same); Ascenzi v. Diaz, 247 F.App'x 390 (3d Cir. 2007)(same).

In sum, finding that it has been shown that the plaintiff undeniably had three prior cases dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), and further finding that the plaintiff's motion for reconsideration does not sufficiently allege newly discovered facts showing that he was in imminent damage of serious bodily harm at the time he filed his complaint, 28 U.S.C. §1915(g), we recommend that the court deny this motion to reconsider.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the court DENY the motion to reconsider the order dismissing this case pursuant to 28 U.S.C. §1915(g), (Doc. 33), and dismiss this case without prejudice to re-filing if, and when, Pew pays the filing fee otherwise required by law.

The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 15th day of January, 2016.

_S/Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge
